IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| TINA BLUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 2009/64 |
| v. ) | |
| ) | OPINION GRANTING MOTION TO |
| ROLSTON ABBOTT, JOHN DOE ) | DISMISS COMPLAINT FOR LACK OF |
| DRIVER AND ABBOTT & ) | SUBJECT MATTER JURISDICTION |
| LINEHAM MECHANICAL, INC. ) | |
| Defendant. ) | |
| ) | |

Defendants Rolston Abbott ("Abbott") and Abbott & Lineham Mechanical, Inc. ("Abbott & Lineham") come before this Court with a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

### A.  FACTS

Plaintiff states in her Complaint that on or about December 23, 2007, she was out walking her dog when she was struck by a truck belonging to Defendant Abbott and driven by John Doe Driver. As a result, she sustained substantial injuries to her body including a broken arm and damaged back. Plaintiff contends that Defendants Abbott and Abbott & Lineham were in the business of performing construction work at the Marriott Frenchman's Reef on St. Thomas, USVI, and that the operator of the truck which allegedly struck her was driven by Defendant John Doe Driver, an employee of Abbott.

Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332 stating that Defendant John Doe Driver was an "adult residing in St. Thomas, USVI, at the time of the incident, but whose whereabouts are presently unknown but believed to be somewhere on the mainland,

1

United States." Other parties to this matter including Plaintiff Tina Blue, Defendant individual Abbott, and Defendant corporation Abbott & Lineham all are situated in the Virgin Islands.

**B.  ANALYSIS**

Rule 12(b)(1) motions to dismiss are treated either as a facial challenge or a factual challenge to subject matter jurisdiction. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Pleading jurisdiction based on diversity, 28 U.S.C. § 1332(a)(1) requires complete diversity, meaning that each plaintiff's citizenship must be diverse from each defendant's citizenship. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990). When determining the citizenship of an individual as related to analysis of the case under the diversity statute, the individual must be a citizen of the United States and must be domiciled in the state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). When the party is a corporation, citizenship exists both where the company is incorporated and also in the state where the company has its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff's Complaint, on its face, is deficient simply for the fact that the citizenship of Defendants is not diverse to the citizenship of Plaintiff. Plaintiff states directly in her Complaint that she is a resident of St. Thomas, USVI, and also that Defendant Abbott & Lineham is a "Corporation organized under the Virgin Islands" and Defendant Abbott is an "individual who resides in St. Thomas, Virgin Islands." Thus, while Defendant John Doe Driver's citizenship is questionable at best, taking all allegations in the Complaint as to citizenship as true, Defendants Abbott and Abbott & Lineham's citizenship is not diverse from the citizenship of Plaintiff. As to the Defendant John Doe Driver, the Complaint is deficient in asserting the diversity of his

citizenship. Plaintiff must look to the citizenship of the parties, not the residence of the parties, in order to firmly establish diversity of the parties.

## C. CONCLUSION

For the reasons discussed above, diversity does not exist as required by 28 U.S.C. § 1332, and the motion to dismiss for lack of subject matter jurisdiction should be granted.

DATED: August 6, 2009

HONORABLE STANLEY S. BROTMAN
United States District Judge
(Sitting by Designation)